IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JESSE LEE DRONES,                      }
TDCJ-CID NO.472216,                    }
     Petitioner,                      }
                                       }
V.                                     }          CIVIL ACTION NO. . H-07-2462
                                       }
NATHANIEL QUARTERMAN,                  }
     Respondent.                      }

**<u>OPINION ON DISMISSAL</u>**

Petitioner Jesse Lee Drones, a state inmate, seeks habeas corpus relief under 28 U.S.C. ' 2254.  For the reasons to follow, the Court will dismiss this petition without prejudice.

<u>Background and Procedural History</u>

On December 30, 1987, petitioner was convicted in the 185th Judicial District Court of Harris County, Texas of burglary of a habitation with intent to commit sexual assault in cause number 488772, burglary of a habitation with intent to commit theft in cause number 486204, and aggravated robbery in cause number 486228.  *Drones v. Dretke*, Civil Action No.03-5191 (S.D. Tex. Feb. 14, 2005).  Court records are unclear as to whether petitioner appealed these convictions.  Petitioner, however, sought state habeas relief.  Petitioner=s state habeas application challenging his burglary of a habitation in cause number 486204 was denied without written order by the Texas Court of Criminal Appeals on January 22, 1997.  *Ex parte Drones*, Application No.32,598-01.[1]  His second state habeas application challenging the same

---

[1] *See* Texas court website at
www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1782374

conviction was dismissed as an abuse of the writ.  *Ex parte Drones*, Application No.32,598-02.[2]
Online records do not reflect that petitioner has challenged his convictions in cause numbers
488772 and 486228 through state habeas proceedings.[3]

Petitioner challenged his 1987 conviction for burglary of a habitation with intent
to commit theft in cause number 486204 in federal habeas proceedings.  *Drones v. Johnson*,
Civil Action No. H-97-2739 (S.D. Tex. May 29, 1998).  This Court granted respondent=s motion
for summary judgment and denied petitioner relief.  *Id.*  The Fifth Circuit refused petitioner=s
request for a certificate of appealability.

Petitioner challenged his 1987 aggravated robbery conviction in cause number
486228 in *Drones v. Dretke*, Civil Action No. H-03-5191 (S.D. Tex. Feb. 14, 2005).  This Court
dismissed his claims with respect to this conviction for failure to exhaust state court remedies
and alternatively, as time-barred.  *Id.*  Petitioner did not appeal this decision.

To the extent that petitioner challenged in federal court his conviction in cause
number 488772 for burglary of a habitation with intent to commit sexual assault, this Court
found that his petition was barred by the governing statute of limitations.  *Drones v. Cockrell*,
Civil Action No. H-02-2863 (S.D. Tex. Aug. 1, 2002).  Petitioner did not appeal this decision.

In May 2002, petitioner was convicted of the felony offense of assault on a
correctional officer in cause number 20,028-C in the 278th Judicial District Court of Walker
County, Texas, for which he was sentenced to fifteen years confinement.  *Id*.  Petitioner

---

[2] *See* Texas court website at
www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1789989

[3] *But see Drones v. Dretke*, Civil Action No. H-03-5191 (S.D. Tex. Feb. 14, 2005) (noting that
A[t]he record suggests that Drone=s claims concerning his 1987 Harris County conviction, in Cause
Number 486228, have not been presented in his state habeas applications@).

apparently did not appeal this conviction.  Petitioner=s state habeas application challenging this conviction was denied without written order by the Texas Court of Criminal Appeals on July 30, 2003.  *Ex parte Drones*, Application No.32,598-03.[4]   His second state habeas application challenging the same conviction was denied without written order on the trial court=s findings without a hearing on March 10, 2004.  *Ex parte Drones*, Application No.32,598-04.[5]  This Court denied petitioner=s federal habeas petition challenging such conviction on February 14, 2005.  *Drones v. Dretke*, Civil Action No.03-5191 (S.D. Tex. Feb. 14, 2005).  Petitioner did not appeal this decision.

<u>Discussion</u>

In general, federal habeas petitioners must bring their claims in one action.  28 U.S.C. ' 2244(b) provides as follows, in pertinent part:

(1)     A claim presented in a second or successive habeas corpus application under ' 2254 that was presented in a prior application shall be dismissed.

(2)     A claim presented in a second or successive habeas corpus application under ' 2254 that was not presented in a prior application shall be dismissed unlessB

(A)     the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[4]  *See* Texas court website at www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2128828

[5]  *See* Texas court website at www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2151817

(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. ' 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. ' 2244(b)(1).

In the present federal petition, filed on July 27, 2007, petitioner again appears to challenge his 1987 burglary, sexual assault, and robbery convictions and his 2002 assault conviction.[6] (Docket Entry No.1). He makes no allegation or showing that he has sought or received authorization from the court of appeals to proceed in this Court as to any new claims he is raising with respect to any of these convictions. Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims. To the extent that petitioner seeks relief on claims presented in prior federal habeas proceedings, such claims are DISMISSED with prejudice.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court=s procedural ruling debatable. *See Beazley v. Johnson*, 242 F.3d

---

[6] Petitioner=s pleadings are incoherent, rambling, and difficult to construe.

248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  For this

reason, the Court finds that a certificate of appealability should not issue in this case.

Signed at Houston, Texas, on this 23rd day of August, 2007.

Melinda Harmon
United States District Judge